IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN FAULEY, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 1:15-cv-10735<br>) |
| v. | ) Hon. Virginia M. Kendall<br>) |
| DRUG DEPOT, INC. a/k/a APS PHARMACY and JOHN DOES 1-10, | ) Magistrate: Hon. Mary Rowland<br>)<br>) |
| Defendants. | |

**PLAINTIFF'S *"DAMASCO"* MOTION FOR CLASS CERTIFICATION
AND REQUEST FOR STATUS CONFERENCE**

NOW COMES the Plaintiff, SHAUN FAULEY, pursuant to Fed. R. Civ. P. 23(a), (b)(3) and (g), hereby submits his Motion for Class Certification pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (holding plaintiff "can move to certify the class at the same time that they file their complaint" and that "[t]he pendency of that motion protects a putative class from attempts to buy off the named plaintiffs"), overruled in part by *Chapman v. First Index, Inc.,* 796 F.3d 783, 787 (7th Cir. 2015).

A. **Proposed Class Definition.**

Plaintiff proposes the following class definition:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) which Defendants did not have prior express permission or invitation, or (4) which did not display a proper opt-out notice.

Defendants sent Plaintiff and others a standardized form advertisement. Plaintiff anticipates that the proposed class definition will change after discovery defines the precise contours of the class and the advertisements that were sent. Plaintiff requests leave to submit a

brief and other evidence in support of this motion after discovery about the class elements has been completed.

**B.      Numerosity.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Defendants' advertisements were successfully sent to at least 40 facsimile numbers. Individual joinder of absent class members is impracticable.

**C.      Commonality.**

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Defendant engaged in standardized conduct involving a common nucleus of operative facts by faxing a single advertisement form to persons on a list generated by a third party, which did not obtain prior express invitation or permission to send Defendant's advertisement by fax.

**D.      Typicality.**

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendants' fax campaign. Thus, all class member claims' arise from the same transaction or occurrence.

**E.      Adequacy of Representation.**

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

F.  **Predominance.**

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

G.  **Superiority.**

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997).

## CONCLUSION

The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel. Plaintiff will file its memorandum after Rule 23 discovery has been completed. The parties need to meet and confer and propose a Rule 23 discovery schedule to this Court and Plaintiff respectfully requests a status conference with the Court as soon as practicable.

Respectfully submitted,

SHAUN FAULEY, individually, and as the representative of a class of similarly-situated persons

By: s/Brian J. Wanca
    Brian J. Wanca

ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500

3

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 1, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and copy will be served on the Defendant(s) at the same time the summons and complaint are served.

                s/ Brian J. Wanca