**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAUN FAULEY, individually and on behalf of a class of similarly-situated persons, | ) ) ) | No. 15 C 10735 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Judge Virginia M. Kendall |
| DRUG DEPOT, INC., a/k/a APS PHARMACY and JOHN DOES 1-10, | ) ) ) | |
| *Defendants.* | ) ) | |

## ORDER

Plaintiff Shaun Fauley's Motion for Order Approving Notice of Pending Class Action [Dkt. 189] and Defendant Drug Depot, Inc.'s Motion to Modify the Certified Classes [Dkt. 199] are currently pending before the Court. For the reasons stated here, both motions are denied without prejudice and the parties are granted leave to refile the motions so the issues can be readdressed after the Seventh Circuit resolves the personal jurisdiction question presented in *Mussat v. IQVIA, Inc.*, No. 18-8024, ECF No. 10 (7th Cir. Jan. 25, 2019) (approving appeal under Rule 23(f)); *see also* No. 19-1204 (7th Cir. Feb. 1, 2019) (docketing appeal).

## DISCUSSION

Plaintiff Shaun Fauley, a veterinarian, received a fax advertisement from Defendant Drug Depot, Inc. d/b/a APS Pharmacy ("APS") soliciting a variety of veterinary medicine compounds made by APS. Fauley alleges violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"), as amended by the Junk Fax Protection Act. In January 2018, the Court granted Fauley's motion for class certification and approved two separate classes of plaintiffs:

**Class A**

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on July 22, 2013, and on September 30, 2013.

**Class B**

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To (727) 785-2502," on February 27, 2012, March 7, 2012, March 30, 2012, June 4, 2012, August 20, 2012, January 25, 2013, February 11, 2013, February 18, 2013, February 28, 2013, March 25, 2013, March 26, 2013, July 1, 2013, July 22, 2013, August 5, 2013, September 30, 2013, March 18, 2014, August 8, 2014, April 27, 2015.

(Dkt. 133.)  In November 2018, Fauley moved for an order approving notice of the pending class action.  (Dkt. 189.)  In February 2019, Defendant Drug Depot moved to modify the certified classes to exclude any claims made on behalf of non-Illinois residents.  (Dkt. 199.)  Drug Depot argues in its motion that *Bristol-Myers Squibb Co. v. Sup. Ct. of California*, 137 S. Ct. 1773 (2017) forecloses the Court from exercising personal jurisdiction over Drug Depot to resolve the class action claims of non-Illinois residents.  Fauley argues that *Bristol-Myers Squibb* does not apply to Rule 23 class actions.

Courts in this District and across the country have split on the question of whether a plaintiff may bring a nationwide class action when the court in question may only exercise specific jurisdiction over the defendant.  *Compare Mussat v. IQVIA Inc.*, No. 17 C 8841, 2018 WL 5311903, at *3-6 (N.D. Ill. Oct. 26, 2018) (explaining that the logic underlying *Bristol-Myers Squibb* applies with equal force to the class action context and thus district courts may not exercise specific jurisdiction over a defendant to resolve the class action claims of non-Illinois residents); *Garvey v. Am. Bankers Ins. Co. of Fla.*, No. 17 C 986, 2019 WL 2076288, at *2-3 (N.D. Ill. May 10, 2019) (same); *Bakov v. Consol. World Travel, Inc.*, No. 15 C 2980, 2019 WL 1294659, at *13-14 (N.D. Ill. March 21, 2019) (same); *Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840, 860-62 (N.D. Ill. 2018) (same); *Chavez v. Church & Dwight Co.*, No. 17 C

2

1948, 2018 WL 2238191, at *11 (N.D. Ill. May 16, 2018) (same); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228 (N.D. Ill. Jan. 18, 2018) (same); *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017) (same); *with Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 820 (N.D. Ill. 2018) (declining to extend the logic of *Bristol-Myers Squibb* to prohibit a district court from exercising specific jurisdiction over a defendant to resolve the class action claims of non-Illinois residents and examining current precedent); *Curran v. Bayer Healthcare LLC*, No. 17 C 7930, 2019 WL 398685, at *3 (N.D. Ill. Jan. 31, 2019) (same); *see also Knotts v. Nissan N. Am., Inc.*, 346 F. Supp. 3d 1310, 1332 (D. Minn. 2018) ("Outside of Illinois, district courts have largely declined to extend [*Bristol-Myers Squibb*] to the class action context. Indeed, most of the courts that have encountered this issue have found that *Bristol-Myers* does not apply in the federal class action context. District courts in California, Louisiana, Florida, Georgia, Virginia, Texas, the District of Columbia, and even Illinois have concluded that there are valid reasons for limiting [*Bristol-Myers Squibb*] to named parties—particularly due to the material distinctions between mass tort actions and class actions, as discussed below.") (citations and footnotes omitted); *see also Miszczyszyn v. JPMorgan Chase Bank, N.A.*, No. 18 C 3633, 2019 WL 1254912, at *3 (N.D. Ill. Mar. 19, 2019) (collecting cases).

It seems that the Seventh Circuit may soon resolve the split. *See Mussat v. IQVIA, Inc.*, No. 18-8024, ECF No. 10 (7th Cir. Jan. 25, 2019) (approving appeal under Rule 23(f)); *see also* No. 19-1204 (7th Cir. Feb. 1, 2019) (docketing appeal). Because the Seventh Circuit has accepted an appeal regarding the specific issue raised in Defendant's motion to modify the certified classes (and, by extension, in Fauley's motion regarding class notice), the Court will deny both motions without prejudice and readdress them as necessary after the Court of Appeals' decision in *Mussat*. *See Miszczyszyn*, 2019 WL 1254912, at *3 (deferring decision on applicability of *Bristol-Myers*

*Squibb* pending resolution of *Mussat*); *Friend v. FGF Brands (USA) Inc.*, No. 18 C 7644, 2019 WL 2482728, at *3 (N.D. Ill. June 12, 2019) (same).

## CONCLUSION

For the reasons stated here, Plaintiff's Motion for Order Approving Notice of Pending Class Action [Dkt. 189] and Defendant's Motion to Modify the Certified Classes [Dkt. 199] are denied without prejudice and the parties are granted leave to refile the motions so the issues can be readdressed after the Seventh Circuit's decision in *Mussat v. IQVIA, Inc.*, No. 18-8024, ECF No. 10 (7th Cir. Jan. 25, 2019) (approving appeal under Rule 23(f)); *see also* No. 19-1204 (7th Cir. Feb. 1, 2019) (docketing appeal).

Virginia M.  Kendall
United States District Judge

Date: August 8, 2019