# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement" or "Settlement") is entered into between SHAUN FAULEY ("Fauley") ("Plaintiff"), on behalf of himself and the certified class (identified herein as the "Class"), on the one hand, DRUG DEPOT, INC. a/k/a APS PHARMACY ("Drug Depot") ("Defendant"), on the other hand. The parties to this Agreement are collectively referred to as the "Parties." This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

**WHEREAS,** Plaintiff and Defendant are parties to a civil action entitled *Shaun Fauley v. Drug Depot, Inc. a/k/a APS Pharmacy,* Case No. 1:15-cv-10735, filed in the United States District Court for the Northern District of Illinois ("the Litigation"); and

**WHEREAS**, Plaintiff alleges on behalf of himself and the Class that Defendant violated the Telephone Consumer Protection Act ("TCPA") and Federal Communications Commission ("FCC") regulations by faxing unsolicited advertisements without the prior express invitation or permission of Plaintiff or Class members or without a valid opt-out notice; and

**WHEREAS,** on January 29, 2018, the Court certified the Class as follows:

### Class A
All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on July 22, 2013, and on September 30, 2013.

### Class B
All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on February 27, 2012, March 7, 2012, March 30, 2012, June 4, 2012, August 20, 2012, January 25, 2013, February 11, 2013, February 18, 2013, February 28, 2013, March 25, 2013, March 26, 2013, March 27, 2013, March 28, 2013, March 29, 2013, May 14, 2013, June 24, 2013, July 1, 2013, July 22, 2013, August 5, 2013, September 30, 2013, March 18, 2014, August 8, 2014, April 27, 2015.

*See* (Dkt. No. 133).

and appointed Plaintiff as the Class Representative, and appointed the law firm of Anderson +
Wanca as Class Counsel; and

**WHEREAS**, Defendant denies all liability for all of the claims made in the Litigation;
and

**WHEREAS**, Plaintiff's attorneys have investigated the relevant facts and researched
the law relating to the Litigation; and

**WHEREAS**, the Parties engaged in a full day mediation with the Hon. James
Holderman (Ret.) on September 6, 2019, that led to this Agreement;

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely
to avoid the risks, inconvenience and expense of further litigation, Defendant enters into this
Agreement to resolve the claims Plaintiff and the Class have asserted against it in the
Litigation; and

**WHEREAS**, Defendant, by and through its insurer, MSA Insurance Company, has
agreed to pay, on a non-reversionary basis, the total amount of $6,000,000.00 to create a
Settlement Fund (the "Settlement Fund") to be administered by the Class Administrator and
which will be used to pay Class members, an incentive award not to exceed $15,000.00 to
Plaintiff for serving as the class representative, attorneys' fees in the amount of one-third (1/3)
of the Settlement Fund ($2,000,000.00), and litigation expenses as awarded to Class Counsel,
and payment to the Class Administrator for administering the Settlement and issuing notice to
the Class, as approved by the Court.  The amount of any incentive award and attorneys' fees
and litigation expenses are to be paid from the Settlement Fund. All Class members who do
not timely and validly exclude themselves from the Class will be sent a check by the Class
Administrator; and

**WHEREAS**, Plaintiff and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Class as a means of resolving this Litigation, after considering (1) the benefits the Class will receive under this Settlement, (2) the fact that Defendant has demonstrated that it will vigorously oppose all of the claims asserted in the Litigation if the Settlement is not approved; (3) the attendant risks, costs, uncertainties, and delays of litigation; (4) the risks, costs, uncertainties, and delays of prosecuting the case going forward; (5) the defenses raised by Defendant to Plaintiff's claims and the financial limitations of Defendant and the policy limits of its insurer to fund a class settlement; and (6) the fact that Defendant's insurer admits that it has three insurance policies, each with $2,000,000.00 in limits available to settle this case; and

**WHEREAS,** the Settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length after extensive written and oral discovery, contested class certification briefing and a mediation conducted on September 6, 2019 with the Hon. James Holderman (Ret.), which after weeks for further negotiations resulted in an executed term sheet; and

**WHEREAS**, the Parties stipulate and agree that the claims of Plaintiff and the entire Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.    <u>Recitals</u>. The above described recitals are incorporated herein and made a part hereof.

2.    <u>Settlement</u>. This Agreement is entered into to resolve all disputes between Defendant, Plaintiff, and the Class related to the claims asserted in the Complaint filed in the Litigation. The assertions, statements, agreements and representations made herein are for

purposes of settlement only and the Parties expressly agree that, if the Settlement is not finally approved, this Agreement is null and void and may not be used by any of the Parties for any reason, except that in the event the Settlement is not finally approved, the expenses of class notice and administration incurred shall be split equally between Plaintiff and Defendant.

3.  <u>The Class</u>. The Class is the Class certified by the Court in its certification order of January 29, 2018:

<b>Class A</b>

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on July 22, 2013, and on September 30, 2013.

<b>Class B</b>

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on February 27, 2012, March 7, 2012, March 30, 2012, June 4, 2012, August 20, 2012, January 25, 2013, February 11, 2013, February 18, 2013, February 28, 2013, March 25, 2013, March 26, 2013, March 27, 2013, March 28, 2013, March 29, 2013, May 14, 2013, June 24, 2013, July 1, 2013, July 22, 2013, August 5, 2013, September 30, 2013, March 18, 2014, August 8, 2014, April 27, 2015.

*See* (Dkt. No. 133).

The Parties agree that, Plaintiff's expert concluded that the Class consists of 7,482 unique fax numbers and that the Class members were successfully sent 78,536 faxes from February, 2012 through April, 2015. Discovery has produced transmission records for 22,970 successfully sent faxes. Plaintiff's expert concluded that the Class members can be identified from the various class lists and exception reports. Excluded from the Class are (a) Defendant and its present and former officers, directors, shareholders, employees, and their successors, assigns, and legal representatives, (b) the Court and its officers, and (c) any persons or entities who timely and validly exclude themselves from the Class.

4.  <u>Preliminary Approval and Class Notice</u>. Plaintiff will file an unopposed motion for entry of an order preliminarily approving the Settlement. Plaintiff will request that the Court

4

enter an "Order Preliminarily Approving Settlement" substantially in the form attached hereto as <u>Exhibit 1</u> (the "Preliminary Approval Order"). Additionally, Plaintiff will request that the Court approve a Notice of Class Action Settlement substantially in the form attached hereto as <u>Exhibit 2</u> (the "Notice"), and request that the Court permit the transmission of the Notice to the Class by facsimile transmission and via U.S. Mail by postcard notice substantially in the form of <u>Exhibit 2</u> where transmission by facsimile is unsuccessful after three (3) attempts to all Class members identified from the records produced in the Litigation. A website will be set up by the Class Administrator for Class members to access the Settlement documents. Nothing shall be posted to the settlement website without the agreement of the Parties. In the event the Parties cannot agree as to what may be posted to the settlement website, they shall present the dispute to the Court for resolution. The settlement website shall be taken down and rendered completely inaccessible via the internet or any other means within 120 days after the Effective Date.

   5. <u>CAFA Notices</u>. Within ten (10) days of filing this Settlement Agreement with the Clerk of the Court as part of the Motion for Preliminary Approval, Defendant's attorneys will cause the notice of proposed settlement required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be issued to the appropriate Federal officials and appropriate State officials as provided for in that statute. Pursuant to 28 U.S.C. § 1715(d), the Parties will seek to schedule the Final Approval Hearing so that the Final Approval and Judgment is entered more than 90 days after this notice of proposed settlement is provided.

   6. <u>The Settlement Fund</u>. Defendant, by and through its insurer, MSA Insurance Company, agrees to pay the total amount of $6,000,000.00 to settle this case on a common fund basis. It is understood and agreed that this is a non-reversionary settlement. These amounts will be paid to the Class Administrator no later than seven (7) business days after the Effective

Date.  Once Defendant's insurer makes the settlement payment to the Settlement Administrator in accordance with this Agreement, Defendant shall not have any further payment obligation to the Class.  The Class Administrator will administer the Settlement Fund.  If any Settlement check is not cashed within 90 days of the date the check is issued, the Parties agree that funds from uncashed checks issued to Class members shall be paid to Equal Justice Initiative, a 501(c)(3) charity provides legal representation to persons who may have been wrongly convicted of crimes, poor prisioners without effective representation, and others who may have been denied fair trial, as a *cy pres* award subject to approval by the Court.  Further information regarding Equal Justice Initiative may be found at www.eji.org.

7.     The Class Administrator. The Parties agree to request that the Court appoint Class-settlement.com (the "Class Administrator") to serve as the Class Administrator.  The Class Administrator will issue and administer the Notice, set up the Settlement website and post the Complaint and Settlement documents, receive and maintain a list of Class Members who have timely and validly excluded themselves, and mail checks to the Class. Upon request, the Class Administrator will identify those Class members who have not cashed settlement checks to counsel for the Parties. All fees and costs of the Class Administrator, including the costs to provide notice of the settlement to the Class, shall be paid out of the Settlement Fund.

The Class Administrator shall have the following duties:

a. Issue the Notice by facsimile to the Class members substantially in the form of Exhibit 2 and make three attempts to transmit the Notice via facsimile to each Classs member. If after three attempts to send the Notice via facsimile the Settlement Adminsitrator is unable to successfully transmit the Notice via facsimile; then the Settlement Adminstrator shall mail the Notice by postcard substantially in the form of Exhibit 2 to the address indicated in

Defendant's records that is associated with each of the fax numbers that the Settlement Adminstrator was not able to successfully transmit the Notice via facsimile;

> b. Track and provide information on any returned notices as well as update addresses and remail any returned notices;

> c. Create and maintain a website with information regarding this Settlement and to timely deactivate the website;

> d. Receive and maintain a list of timely and valid opt-out requests;

> e. Calculate, prepare and distribute Class member settlement payments;

> f. Distribute any Incentive Award and award of attorneys' fees and costs to Class Counsel;

> g. Provide a declaration to submit to the Court in support of final approval of the settlement;

> h. Monitor whether settlement payment checks are cashed and within 120 days after the date settlement checks were issued, prepare a report in excel format and provide it to counsel for the Parties, listing all settlement checks issued, the check number, the check date, the name and address of the payee and indicate whether the check was negotiated; and if necessary, calculate, prepare and make any payment to Equal Justice Initiative as a *cy pres* award of any funds remaining from uncashed settlement checks; and

> i. Provide to counsel for the Parties within 140 days after the Effective Date an accounting of the distribution of the Settlement Amount detailing all recipients of any portion of the Settlement Amount and the amount they received.

Defendant and its counsel shall have no obligation to supervise or control the actions of the Class Administrator or to ensure that it complies with its obligations under this Agreement.

8.      <u>Notice</u>.  The Class Administrator shall send the Notice substantially in the form of <u>Exhibit 2</u> to the Class members  by fax.  If the transmission of the Notice via facsimile is unsuccessful after three (3) attempts, then the Class Administrator shall send the Notice to those Class members who did not successfully receive the Notice via facsmile after three attempts by postcard substantially in the form of <u>Exhibit 2</u> via U.S. Mail to the addresses for such Class members indicated in the class list received from Defendant. Plaintiff will request that the Court approve the Notice in the form attached hereto as <u>Exhibit 2</u>, and request approval to send it by facsimile and if necessary by postcard notice substantially in the form of <u>Exhibit 2</u> via U.S. Mail.  Notice shall be sent by facsimile within  twenty-one (21) days of entry of an order granting preliminary approval of this Settlement and by U.S. Mail where transmission of the Notice by facsimile was not successful after three (3) attempts within a reasonable time thereafter.

9.      <u>Objections and Opt Outs</u>.  Any Class member may object to this Settlement and ask the Court to deny approval.  Any written objection and supporting papers must be filed with the Clerk of the Court on or before the date specficied in the Preliminary Approval Order and must include the person's or entity's name, fax number, street address, all attorneys who assisted in the preparation and filing of the objection, a list of all other class actions in which that person or entity or counsel have filed objections to settlements, and a statement of the reasons why the Court should find that the settlement is not in the best interests of the Certified Class.  The objector may also appear in person or through his/its own attorney at the Final Approval Hearing  Any Class member filing an objection shall also mail a copy of the objection to Class Counsel and counsel for the Defendant.

Any Class member that desires to be excluded from the settlement may do so by sending a notice to the Class Administrator on or before the date set by the Court in the

Preliminary Approval Order containing: (1) the name of this case, *Fauley v. Drug Depot* and your claim number (see end of class notice for number); (2) your name, address and fax number from February, 2012 through April, 2015; and (3) a statement that you wish to be excluded (for example, "Exclude me from the Fauley v. Drug Depot case.")

10.    <u>Payments to Class Members</u>.  The Class Administrator shall mail a check to each Class member who has not been excluded from the Class in the amount of the Class member's pro-rata share of the Settlement Fund as determined as follows. Each Class member shall receive a pro rata share of the Settlement Fund, net of attorneys' fees, litigation expenses, including Class Administration, and incentive award awarded by the Court.  All Class members will be informed that settlement checks must be cashed within ninety (90) days of issuance and that Class members who fail to timely cash their checks will have no further right or entitlement to any payment under the terms of the Settlement but will be bound by the terms of the Settlement, including the Releases contained herein and that the amount of any settlement check that is not negotiated or cashed by the Class member within 90 days after the issue date on the check shall be, subject to Court approval, donated to Equal Justice Initiative, a 501 (c)(3) charitable organization. Settlement checks shall be void if not cashed within 91 days of the date of the check.

11.    <u>Incentive Award, Attorneys' Fees, and Expenses</u>.  Plaintiff shall petition the Court for an incentive award in the amount of $15,000.00, and Class Counsel shall petition the court for an award of attorneys' fees in the amount of one-third (1/3) of the Settlement Fund ($2,000,000.00), and litigation expenses, including Class Administration.  Defendant takes no position on Plaintiff's petition for such awards unless the court seeks to increase the Settlement Fund beyond the $6,000,000.00 set forth in paragraph 6 above.  The awarded

amounts will be determined by the Court and shall be paid in accordance with paragraph 15 below.

12.    Final Approval.  The preliminary approval order attached hereto as Exhibit 1 will set a date for a hearing on the fairness, reasonableness and adequacy of the Settlement (the "Final Approval Hearing").  At the Final Approval Hearing, Plaintiff and Class Counsel shall request that the Court enter an order substantially in the form of Exhibit 3 finally approving the Settlement and all of its terms and enter a judgment thereon, including a dismissal of the Litigation with prejudice.  Non-material changes to the Final Approval Order and Judgment, as ordered by the Court, will not invalidate this Settlement.  If the Court does not enter the Final Approval Order and Judgment substantially in the form of Exhibit 3 or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void and the Plaintiff and Defendant's insurer shall each pay one half of the Class Administrator's invoice for its class notice and administration costs incurred up to that point.

13.    Effective Date.  "Effective Date" means the date 5 business days following the later of:  i) the date upon which the time expires to seek reconsideration and file a notice of appeal of the Final Approval Order and Judgment substantially in the form attached as Exhibit 3 to this Agreement, or in a form agreed to by the Parties; or ii) if there is an appeal of the Final Approval Order and Judgment, then the Effective Date shall be the date 5 business days after the date of any order or final disposition on appeal affirming the Final Approval Order and Judgment without material modification, that is a final and non-appealable or non-reviewable order.

14.    Right to Rescind.  Defendant shall have the right to rescind this Agreement in the event that more than 350 Class members submit a timely and valid request to be excluded

from the Class. Defendant shall exercise its right to rescind by filing a Notice of Exercise of Right to Rescind with the Clerk of the Court at anytime before the entry of the Final Approval Order by the Court.

15.     Payment of Claims, Incentive Award and Class Counsel Fees. Within seven (7) business days of the Effective Date, Defendant, by and through its insurer, MSA Insurance Company, shall pay to the Class Administrator the total amount of $6,000,000.00, inclusive of all attorneys' fees, costs, notice and administration costs, incentive award and payments to Class members. The Class Administrator shall provide Defendant's counsel at least 30 days before the Effective Date with a complete executed W-9 from the Class Administrator and written wire instructions to transfer the Settlement Fund to the account designated by the Settlement Administrator and the name and address of the payee in the event Defendant issues a check for the Settlement Fund. No later than 30 business days after receipt of the Settlement Fund, the Class Administrator shall issue checks in the appropriate amounts to the Class members, and pay any Incentive Award to the Class Representative and any attorneys' fees and expenses to Class Counsel that have been awarded by the Court. Checks issued to the Class members will be void ninety-one (91) days after the date of the check. A Class member that does not negotiate their settlement check within 90 days of the date of the check agrees that the amount of the check is to be donated to Equal Justice Initiative.

16.     Releases.

(**A**)  Class Release. Subject to and effective upon entry of the Final Approval Order and Judgment, and contingent on Defendant's payments of all sums due hereunder to the Class Administrator, all Class members including Plaintiff, except those who have been excluded from the Class by the Court, ("the Releasors") for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and

forever discharge Defendant and its affiliated entities, and their officers, directors, shareholders and  employees, and their successors, representatives, agents, attorneys, and assigns ("Released Parties") from any and all claims that were asserted or could have been asserted in this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any other federal law, state law, common law, contract, rule or regulation, or any claim for equitable or injunctive relief, whether known or unknown, foreseen or unforeseen, actual or contingent that arise out of or relate in any way to faxes by or on behalf of Defendant from July 28, 2011 through July 28, 2015 ("Released Claims"). The Class does not release claims regarding any other advertising faxes.

Upon Defendant's payments, by and through its insurer, MSA Insurance Company, of all sums due hereunder to the Class Administrator, the Releasors, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment, shall have fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties and each of them.  It is expressly understood and agreed by the Parties that any person or entity being released under this Agreement that is not a party to this Agreement is an intended third party beneficiary of this Agreement.

(B) Defendant's Release.

Subject to and effective upon entry of the Final Approval Order, Defendant, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, shall release with prejudice Plaintiff and his agents and attorneys, from all claims arising from or relating to Plaintiff's prosecution of the Litigation against Defendant.

(C) Waiver Regarding Release.

As respects the Released Claims, Class members who are not excluded from the Class shall (a) be deemed to have waived, and by operation of the Final Approval Order in the

Litigation shall have waived, any and all provisions, rights and benefits, if any, conferred by Section 1542 of the California Civil Code which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or any law, statute, regulation or ordinance of any state, territory or local governmental unit of the United States, or principle of common law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code and (b) even though they may each hereafter discover facts other than or different from those that he, she or it now knows or believes to be true arising solely from the transmission or intended transmission of any of the Faxes, they each shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released any and all Released Claims. The Class does not release claims regarding any other advertising faxes.

17. <u>No Admission of Liability</u>. Released Parties deny and continues to deny any liability or wrongdoing of any kind with respect to the claims that have been or could have been asserted against them by Plaintiff in this Litigation. It is specifically understood and agreed that this Agreement does not constitute and is not to be construed as an admission by Released Parties of any fact or liability, any violation of law, or the commission of any actionable wrong.

18. <u>Class Enjoined</u>. On the Effective Date, all members of the Class except those that timely and validly opt out (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in,

participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Released Parties or anyone working on their behalf about the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class members if such other lawsuit is based on or arises from the Released Claims.

This injunction does not apply to actions brought by the state or federal government or agency.

19.     Cooperation. The Parties agree to cooperate fully with one another to affect the consummation of this Agreement and to achieve the Settlement provided for herein.

20.     Agreement Contingent Upon Entry of Final Approval.  This Agreement is contingent upon entry of a final and non-appealable  order substantially in the form of Exhibit 3 or as otherwise agreed to by the Parties, granting final approval to the terms of this Agreement and judgment thereon. If the Court refuses to enter such an order, or if the Court's Final Approval Order is reversed or materially modified on appeal in a manner which all Parties to this Agreement do not agree to, then this Agreement shall be null and void and neither the fact that this Agreement was made nor any stipulation, representation, agreement or assertion made in this Agreement may be used against any Party.

21.     Court Submission. Class Counsel will submit this Agreement and the Exhibits hereto, along with a motion and memorandum in support of preliminary approval and such other supporting papers as may be appropriate, to the Court for preliminary approval of the Settlement.

22. <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

23. <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

24. <u>Binding and Benefiting Others</u>. This Agreement shall be binding upon and inure to the benefit or detriment of the Parties, Released Parties, and the Class members who have not opted out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, members, managers, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

25. <u>Representations and Warranties</u>. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement, and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised, and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

26. <u>Plaintiff's Representation</u>. Plaintiff and Class Counsel represent and warrant that, with the exception of the class members contained within the classes defined by the court

in its order of January 29, 2018, they are unaware at the time of execution of this Agreement of any claims that any person may have against Defendant or Released Parties for all alleged violations of the Telephone Consumer Protection Act, Junk Fax Protection Act, or any other federal law, state law, statute, common law, contract, rule or regulation.

27. <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Illinois, without regard to its conflict of laws and/or choice of law provisions.

28. <u>Mutual Interpretation</u>. The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power. Also, Class Counsel and counsel for Defendant have drafted the Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties. Plaintiff acknowledges, but does not concede or agree with, Defendant's statements regarding the merits of the claims, and Defendant acknowledges, but does not concede to or agree with, Plaintiff's statements regarding the merits of the claims.

29. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

30. <u>Severability</u>. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within fourteen (14) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

31.     <u>Continuing Jurisdiction</u>. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Certified Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement,  the order preliminarily approving  the Settlement, the Final Approval Order  and Judgment, hearing and determining an application by Class Counsel for an incentive award an award of fees and expenses, and the distribution of proceeds to the Certified Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court. In the event that this provision shall effect the finality of the Final Approval Order then any portion of this provision causing such a result shall be stricken from this Agreement.

*Signature Page Follows*

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: _11/13/19_                SHAUN FAULEY, on behalf of himself and the Class

                                 By: _____
                                      SHAUN FAULEY

DATED: _____           DRUG DEPOT, INC. a/k/a APS PHARMACY

                                 By: _____
                                 Its: _____

DATED: _____           MSA INSURANCE COMPANY

                                 By: _____
                                 Its: _____

APPROVED AS TO FORM AND CONTENT:

DATED: _11/13/2019_

                                 By: _____
                                      Brian J. Wanca
                                      ANDERSON + WANCA
                                      *Attorneys for Plaintiff and the Class*

DATED: _____

                                 By: _____
                                      David A. Wheeler
                                      CHAPMAN SPINGOLA, LLP
                                      *Attorneys for Defendant*

18

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed

on the date set forth beside their respective signatures.

DATED: _____          SHAUN FAULEY, on behalf of himself and the Class

                                By: _____
                                     SHAUN FAULEY

DATED: 11/13/19                  DRUG DEPOT, INC. a/k/a APS PHARMACY

                                By: _____

                                Its: _____

DATED: _____          MSA INSURANCE COMPANY

                                By: _____

                                Its: _____

APPROVED AS TO FORM AND CONTENT:

DATED: _____

                                By: _____
                                     Brian J. Wanca
                                     ANDERSON + WANCA
                                     *Attorneys for Plaintiff and the Class*

DATED: _____

                                By: _____
                                     David A. Wheeler
                                     CHAPMAN SPINGOLA, LLP
                                     *Attorneys for Defendant*

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed

on the date set forth beside their respective signatures.

DATED: _____          SHAUN FAULEY, on behalf of himself and the Class

                                  By: _____
                                        SHAUN FAULEY

DATED: _____          DRUG DEPOT, INC. a/k/a APS PHARMACY

                                  By:    _____

                                  Its:   _____

DATED: 11/13/2019                 MSA INSURANCE COMPANY

                                  By: _____

                                  Its: Corporate Litigation Manager

APPROVED AS TO FORM AND CONTENT:

DATED: _____

                                  By: _____
                                        Brian J. Wanca
                                        ANDERSON + WANCA
                                        *Attorneys for Plaintiff and the Class*

DATED: _____

                                  By: _____
                                        David A. Wheeler
                                        CHAPMAN SPINGOLA, LLP
                                        *Attorneys for Defendant*

18

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____          SHAUN FAULEY, on behalf of himself and the Class

By: _____
          SHAUN FAULEY

DATED: _____          DRUG DEPOT, INC. a/k/a APS PHARMACY

By: _____

Its: _____

DATED: _____          MSA INSURANCE COMPANY

By: _____

Its: _____

APPROVED AS TO FORM AND CONTENT:

DATED: _____

By: _____
          Brian J. Wanca
          ANDERSON + WANCA
          *Attorneys for Plaintiff and the Class*

DATED: _____

By: _____
          David A. Wheeler
          CHAPMAN SPINGOLA, LLP
          *Attorneys for Defendant*

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

SHAUN FAULEY, individually and as the   )
representative of a certified class,   )
   )
                 Plaintiff,   )   No.    1:15-cv-10735
      v.   )
   )   Hon. Virginia M. Kendall
DRUG DEPOT, INC. a/k/a APS   )
PHARMACY,   )
             Defendant.   )

**ORDER PRELIMINARILY APPROVING**
**<u>SETTLEMENT OF THE PREVIOUSLY CERTIFIED CLASSES</u>**

This matter coming before the Court on the "Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class" (the "Motion"), after review and consideration of the Parties' Settlement Agreement and having been fully advised in the premises;

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1.      On January 29, 2018, this Court certified the following two classes:

**<u>Class A</u>**

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on July 22, 2013, and on September 30, 2013.

**<u>Class B</u>**

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on February 27, 2012, March 7, 2012, March 30, 2012, June 4, 2012, August 20, 2012, January 25, 2013, February 11, 2013, February 18, 2013, February 28, 2013, March 25, 2013, March 26, 2013, March 27, 2013, March 28, 2013, March 29, 2013, May 14, 2013, June 24, 2013, July 1, 2013, July 22, 2013, August 5, 2013, September 30, 2013, March 18, 2014, August 8, 2014, April 27, 2015.

(hereinafter referred to as the "Class"). Excluded from the Class are: (a) Defendant and its present and former officers, directors, shareholders, employees and their successors, assigns and

legal representatives; (b) the Court and its officers, and (c) any persons or entities who timely and validly exclude themselves from the Class.

2.      The Court appoints Plaintiff, Shaun Fauley ("Plaintiff"), as the "Class Representative" and appoints Brian J. Wanca of Anderson + Wanca as "Class Counsel."

3.      Pursuant to Federal Rules of Civil Procedure 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved.

4.      The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

5.      The Settlement Agreement proposes that a specific forms of notice to the Class to be sent by facsimile and if unsuccessful after three (3) attempts, by mail, and by maintaining a settlement website. The Court finds that such Notice satisfies the requirements of due process and Federal Rules of Civil Procedure 23. The plan for Notice is approved and adopted. The Court orders that Class Counsel provide the Notice to the Class as proposed in the Settlement Agreement. The Court approves the form of the Notice as contained in Exhibit 2 to the Settlement Agreement. The Court also approves Class-Settlement.com as the Class Administrator.

6.       The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates into the Notice to the Class:

(a)      Class Counsel shall ensure The Notice shall be sent or attempted to be sent via facsimile on or before _____, 2019 and with respect to those Class

members that notice was not successfully sent by facsimile after three attempts, by U.S. Mail assuming a street address may be reasonably found;

(b)     Requests by any Class member to opt out of the settlement must be submitted to the Class Administrator on or before _____, 2019, or be forever barred;

(c)     Objections and motions to intervene, including supporting memoranda, shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel, on or before _____, 2020, or be forever barred; and

7.     The final approval hearing, set forth in the Class Notice, is hereby scheduled for _____, 2020, at _____ a.m./p.m. in Room 2319.  The final approval hearing may be continued to another later date without further notice to the Class.


SO ORDERED this ____day of _____, 2019.


_____

Honorable Virginia M. Kendall

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SHAUN FAULEY, individually and as the representative of a certified class, | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Case No. 1:15-cv-10735 |
| DRUG DEPOT, INC. a/k/a APS PHARMACY, | ) ) | |
| Defendant. | ) | |

## NOTICE OF CLASS ACTION SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO RECEIVE MONEY IN A CLASS ACTION SETTLEMENT.**

**TO:**                                            **Class A**

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on July 22, 2013, and on September 30, 2013.

**Class B**

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on February 27, 2012, March 7, 2012, March 30, 2012, June 4, 2012, August 20, 2012, January 25, 2013, February 11, 2013, February 18, 2013, February 28, 2013, March 25, 2013, March 26, 2013, March 27, 2013, March 28, 2013, March 29, 2013, May 14, 2013, June 24, 2013, July 1, 2013, July 22, 2013, August 5, 2013, September 30, 2013, March 18, 2014, August 8, 2014, April 27, 2015.

**A.    WHY ARE YOU RECEIVING THIS NOTICE?**

You are receiving this Notice because Defendant Drug Depot's records indicate you are a member of the Class (defined above). This notice informs you about settlement of this pending lawsuit, that you may be a member of the Class, and that you have certain rights to object to the settlement or opt out.  Defendant claims it had prior express invitation or permission to send faxes to the Class members and/or had an established business relationship with the Class members. This Notice is not an expression by the Court about the merits of the case.

**B.    WHAT IS THIS LAWSUIT ABOUT?**

In the lawsuit, Shaun Fauley ("Plaintiff") claims that Drug Depot ("Defendant") violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), by sending  unsolicited advertisements by facsimile to members of the Class without their prior express invitation or permission and/or without specific opt-out language that Plaintiff contends was required. Plaintiff seeks money damages for every Class member. On January 29, 2018, the Court certified the case as a class action so that the claims about Defendant's faxes sent by or on behalf of Defendant from February 27, 2012 through April 27, 2015 can be resolved class-wide in this single lawsuit. The Court's decision to certify the class as a class action did not decide any of the merits of the case. Defendant denies that it violated the TCPA. This description of the case is general and does not cover all the issues or proceedings.

**C.    WHAT IS THE PROPOSED SETTLEMENT?**

Without admitting any fault or liability and in exchange for a release of all claims regarding the fax advertisements, Defendant has agreed to pay a total of $6,000,000.00 to create a non-reversionary settlement fund (the "Settlement Fund"). The Settlement Fund shall be available to pay each Class member who does not opt out of the Class their pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses, settlement administration costs, and an incentive award to the Class Plaintiff set by the Court. Plaintiff will ask the Court to approve settlement administration costs, and an incentive award of $15,000.00 to Plaintiff for his time and efforts spent in responding to written discovery, sitting for deposition, and attending a mediation, which resulted in obtaining this settlement on behalf of the Class. Class Counsel will petition the Court for an award of attorneys' fees of 33 1/3% of the Settlement Fund ($2,000,000.00) plus its litigation expenses. Final approval and a determination of an incentive award, attorneys' fees, settlement administration costs, and litigation expenses are subject to a fairness hearing that will occur on _____, 2020 at US District Court, Northern District of Illinois, 219 South Dearborn Street, Courtroom 2319, Chicago, IL 60604, at _____ a.m.

**D.** **WHO REPRESENTS THE CLASS?**

The Court previously appointed Plaintiff (Shaun Fauley) as the class representative, and appointed Brian J. Wanca of Anderson + Wanca as Class Counsel to represent the members of the Class: His contact information is:

> Brian J. Wanca
> ANDERSON + WANCA
> 3701 Algonquin Rd., Ste. 500
> Rolling Meadows, IL 60008

Plaintiff will petition the Court for an incentive award, attorneys' fees, litigation expenses and costs of settlement administration to be paid out of or from the Settlement Fund.

**E.** **WHAT ARE YOUR OPTIONS?**

1. **Do Nothing.** If you do nothing, you will be bound by the judgment in the case and you will release your claims against Defendant arising from the fax advertisements sent to you in exchange for the settlement check you will automatically receive for your pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses, including settlement administration and incentive award set by the Court. You do not have to file a claim form and unless you opt out of the Class, upon final approval of the settlement, you will automatically receive a settlement check in the mail at the address listed at the end of this notice. If this address is incorrect, you must notify the class administrator by fax at (888) XXX-XXXX, or email at DrugDepotSettlement@class-settlement.com or by mail at Class-Settlement.com, Fauley v. Drug Depot Address Change, P.O. Box 9009, Hicksville, NY 11802-9008 and inform the class administrator of your correct address. You must include your claim number (at end of this notice) in this notice. **The settlement check you will receive will expire if not cashed within 90 days of the date of the check and no replacement check will be issued and you will not have any further right or entitlement to any payment under the settlement but will be bound by the terms of the settlement including the release of Defendant**. **IF YOU DO NOT CASH THE SETTLEMENT CHECK WITHIN 90 DAYS OF THE DATE ON THE CHECK, THEN THE AMOUNT OF THE SETTLEMENT CHECK WILL AUTOMATICALLY BE DONATED TO EQUAL JUSTICE INITIATIVE.** Equal Justice Initiative is a 501(c)3 nonprofit organization that provides legal representation to persons who may have been wrongly convicted of crimes, poor persons without effective representation, or others who may have been denied a fair trial. Further information regarding Equal Justice Initiative may be found at www.eji.org. **If you want your settlement check to go to EQUAL JUSTICE INITIATIVE then simply destroy the settlement check and the amount of your check will be automatically donated to Equal Justice Initiative.**

2. **Opt out of the Class.** You have the right to exclude yourself from the Class ("Opt out") by sending a letter to the Class Administrator containing: (1) the name of this case, Fauley v. Drug Depot and your claim number (see end of this notice for number); (2) your name, address and fax number from February, 2012 through April, 2015; and (3) a statement that you wish to be excluded (for example, "Exclude me from the Fauley v. Drug Depot case.") If you exclude yourself from the Certified Class, you will retain any claims you might have against Defendant, you will not be bound by any judgment or disposition of this case, and you will not share in any recovery awarded by the Court or provided in a settlement agreement. Your request for exclusion must be **postmarked on or before _____, 2019**; and mailed to the following address with proper postage:

> Class-Settlement.com
> Fauley v Drug Depot Opt-Out
> P. O. Box 9009
> Hicksville, NY 11802-9008

Upon receipt of the requests for exclusion, the Class Administrator will promptly provide copies to the attorneys for the parties.

3. **Object to the settlement in writing.** If you object to the settlement, you can ask the Court to deny approval by filing an objection to the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen you must file an objection with the Clerk of the Court. You must submit your objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604. Your objection must be postmarked by or filed in person by _____, 2019. Any written objection and supporting papers must identify the case

name and number (Fauley v. Drug Depot, Case No. 15-cv-10735) and must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of reasons why you are objecting to the settlement and why you believe the Court should find that the proposed settlement is not in the best interests of the Class. It is not enough to simply say that you object; you must state the reasons why you believe the Court should not approve the settlement. You must also mail a copy of your objection to Class Counsel at the address indicated in Section D above and to counsel for Defendant: David A. Wheeler, Chapman Spingola, LLP, 190 S. LaSalle Street, Suite 3850, Chicago, IL 60603. You may also appear in person or through your own attorney at the final approval hearing before Judge Virginia M. Kendall in Courtroom 2319 at 219 S. Dearborn St., Chicago, IL 60604 on _____, 2020 at ____ a.m. If you appear through your own attorney, you are responsible for paying that attorney.

**F.** **WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a final fairness hearing on _____, 2019 at _____ a.m., in Room 2319 of the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, and hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing. The fairness hearing may be continued to a future date by order of the court without further notice. You can check the settlement website or the Court's PACER site to confirm that the date has not been changed.

**G.** **WHERE CAN YOU GET MORE INFORMATION?**

If you have questions about this Notice or about the settlement, write to attorney Brian J. Wanca of Anderson + Wanca at the address listed above in Section D. Include the case number, your name, your fax number, and your current street address on any correspondence. Alternatively, you can call Mr. Wanca's office at 1-855-827-2329. You can review the complaint and settlement documents at www.DrugDepotTCPAsettlement.com. This Notice only summarizes the litigation and the settlement. The Court files for this case are available for your inspection at the Office of the Clerk of Court for the United States District Court for the Northern District of Illinois, 219 S. Dearborn St. 20TH FL, Chicago, IL 60604 (Monday through Friday, 9:00 a.m. – 4:00 p.m.) or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

**BY ORDER OF THE COURT - HONORABLE VIRGINIA M. KENDALL**

* * * * * * * * * * * * * * * * * * * * * * * *

**ADDRESS VERIFICATION**

∗12345678X∗

*If the address below is incorrect, or you have moved, you must notify the Class Administrator as indicated in Section E(1) above, otherwise your settlement check will be sent to an incorrect address.*

**This form may be completed online, mailed, emailed, or faxed by _____, 2019 to the following:**

| Online at:<br>DrugDepotTCPASettlement.com<br>Username:<br>Password: | Via Fax to:<br>(888) xxx-xxxx | Via email to:<br>DrugDepotSettlement@<br>class-settlement.com | Via U.S. Mail to:<br>Fauley v. Drug Depot Change<br>Class-Settlement.com<br>PO Box 9009<br>Hicksville, NY 11802-9009 |
|---|---|---|---|

**Your address as it appears in Defendant's Records:**

Member ID: [Merge Member ID]

[Merge Member Name]

[Merge Entity or Company Name]

[Merge Address]

[Merge City, State, Zip Code]

**If the address at left is incorrect, please provide corrected address information below:**

_____
Name

_____
Entity or Company Name (if applicable)

_____
Address

_____
City           State      Zip Code

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

SHAUN FAULEY, individually and as the )
representative of a certified class, )
                                               )
                        Plaintiff, )   No.    1:15-cv-10735
           v. )
                                                 )   Hon. Virginia M. Kendall
DRUG DEPOT, INC., a/k/a APS )
PHARMACY, )
                      Defendant. )
                                                  )

**<u>FINAL APPROVAL ORDER AND JUDGMENT</u>**

      The parties' proposed class action settlement having come before the Court for a final

fairness hearing on _____, 2020, at _____ a.m./p.m., in Room 2319, United States District

Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Chicago, IL

60604, at which all persons were given an opportunity to be heard, and the Court having considered

the submissions of the parties, including Plaintiff's Motion for Final Approval of Class Action

Settlement, the statements of counsel, and the fairness of the settlement's terms;

      **IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

      1.  This Court grants final approval of the settlement agreement between the parties

previously filed with the Court on _____, 2019 (the "Settlement Agreement") (Doc. ____),

and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests

of the Certified Class and all those affected by it.  The Settlement Agreement is hereby

incorporated by reference in full into this Final Approval Order and Judgment ("Final Judgment"),

and all capitalized terms defined in the Settlement Agreement will have the same meanings as used

in this Final Judgment.  Any timely objections that were filed have been considered and are

overruled.  Accordingly, this Final Judgment binds all members of the Certified Class who did not

timely and properly opt out of the settlement.

2. This Court has jurisdiction over Plaintiff, Shaun Fauley ("Plaintiff"), the members of the Class, and Defendant, Drug Depot, Inc. ("Defendant"), and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, including mediation before a neutral third-party, and that the settlement was not collusive.

## Class Certification

4. On _____, 2019, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Settlement of the Previously Certified Class" (the "Preliminary Approval Order").

5. On January 29, 2018, the Court certified the following classes (the "Class"):

### Class A

> All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on July 22, 2013, and on September 30, 2013.

### Class B

> All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on February 27, 2012, March 7, 2012, March 30, 2012, June 4, 2012, August 20, 2012, January 25, 2013, February 11, 2013, February 18, 2013, February 28, 2013, March 25, 2013, March 26, 2013, March 27, 2013, March 28, 2013, March 29, 2013, May 14, 2013, June 24, 2013, July 1, 2013, July 22, 2013, August 5, 2013, September 30, 2013, March 18, 2014, August 8, 2014, April 27, 2015.

The Court further appointed Plaintiff as the Class Representative and Brian J. Wanca of Anderson + Wanca as Class Counsel. In the Settlement Agreement the Parties settled the certified class claims. Excluded from the Class are: (a) Defendant and its present and former officers, directors, shareholders, employees and their successors, assigns and legal representatives; (b) the Court and its officers, and (c) any persons or entities who timely and validly exclude themselves from the Class.

2

### Class Notice

6.  Plaintiff submitted the affidavit of _____ to demonstrate that the "Notice of Class Action Settlement (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order.  The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

7.  The following _____ members of the Class filed objections to the settlement: _____.  The Court has considered each of these objections carefully and has overruled them.  None of these objections raised a valid concern about the overall fairness and adequacy of the Settlement Agreement, and none of the objections provides grounds for denying final approval of the settlement.

8.  The following persons/entities have properly requested exclusion from the settlement and are hereby excluded from the Class: _____.

### Class Compensation

9.  Defendant has created a settlement fund of $6,000,000.00 (the "Settlement Fund") and made it available to pay Class members, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses, including class administrative fees.  None of the monies in the Settlement Fund will revert back to Defendant.

10. As the Parties agreed in the Settlement Agreement, each member of the Class who does not opt out will be paid a pro-rata share of the Settlement Fund after the deductions set forth in Paragraph 9. The Class Administrator will cause those checks to be mailed after receiving the funds from Defendant. As agreed between the Parties, any Class member that does not cash the settlement check issued to it within 90 days after the date on the check surrenders all right to payment under the Settlement Agreement and agrees that the amount of the settlement check is to be donated to Equal Justice Initiative, a 501(c)(3), an organization that provides legal representation to persons who may have been wrongly convicted of crimes, poor persons without effective representation, and others who may have been denied a fair trial.

### Incentive Award and  Fees and Costs

11. Pursuant to the Settlement Agreement, the Court approves and awards a $15,000.00 Incentive Award to Plaintiff for serving as the class representative in this matter.   In accordance with the Settlement Agreement, the Class Administrator will pay that amount from the Settlement Fund on the Agreement's Effective Date.

12. Pursuant to the Settlement Agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $_____ (____% of the Settlement Fund), plus reasonable out-of-pocket expenses, including notice and administrative fees of $_____. The Class Administrator will pay said amounts from the Settlement Fund on the Agreement's Effective Date.

### Releases, Injunction, and Dismissal

13. All claims or causes of action of any kind by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the Parties' Settlement Agreement. This release does not apply to actions brought by the government.

14. This lawsuit against Defendant is dismissed with prejudice as to Plaintiff and all members of the Class and without fees or costs except as provided above.

### **Other Provisions**

15. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference herein and the Parties are directed to effectuate the settlement in accordance with the Settlement Agreement.

16. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.


ENTER:


_____
Honorable Virginia M. Kendall