**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHAUN FAULEY, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>DRUG DEPOT, INC. a/k/a APS PHARMACY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:15-cv-10735<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF DOROTHY SUE MERRYMAN**

, Dorothy Sue Merryman, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true:

1. I have personal knowledge of the facts stated in this affidavit and can competently testify to the same.

2. I am a Project Manager for Class-Settlement.com ("Class Settlement").

3. Class Settlement provides claims administration services, including class notification, claims processing, and distribution services.

4. At the request of Plaintiff's counsel, I coordinated a subsequent distribution of the class Notice in this case by fax and U.S. mail, and the processing of claims, and have knowledge of what work was performed.

5. Attached as Exhibit 1 is a copy of the Class Notice Class Counsel provided to me.

6. Class Counsel also provided me transmission reports which contained a total of 7,482 unique fax numbers (the "Class List").

7. Class Counsel requested that I send Exhibit 1 to the 7,482 numbers on the list by fax, and then by U.S. Mail for those numbers that were unreachable by fax after three attempts, and for whom an address was attainable.

8. I added one test number to the list to ensure the accuracy of the fax broadcast.

9. On December 17, 2019, I caused Exhibit 1 to be sent by fax to the 7,482 fax numbers contained in the list provided by Class Counsel and the test number.

10. Of the 7,482 fax numbers on the Class List, 6,403 were sent Notice successfully and 1,079 failed. The test record was sent successfully.

11. For each failed transmission, the fax broadcasting software attempted the transmission at least three times.

12. At the conclusion of the notice by fax, we generated a list of the 1,079 fax numbers to which the fax was unsuccessful. Class Counsel requested that we attempt to locate addresses for any such records via reverse lookup, and then mail to those records with available addresses, after first comparing the resulting list against the U.S. Postal Service's National Change of Address (CASS/NCOA) database.

13. On or about December 18, 2019, I caused Exhibit 1 to be sent by U.S. Mail to the 1,041 addresses associated with the fax numbers that did not receive a successful fax transmission, and for which address information was available.

14. As of February 26, 2019, 203 mailed Notices were returned by the U.S. Postal Service. A total of 77 of those Notices contained forwarding information and were remailed. An additional 10 addresses were able to be corrected with additional research, and those Notices were also remailed.

15. In summary, to the best of my knowledge, Notice was delivered to a total of 6,403 members by fax, and 923 members by mail, for a total of 7,326 members, or 97.91% of the class.

16. Class members were invited to contact Class Settlement to update the address on file, if that address was missing or incorrect on the Notice. As of February

26, 2019, 59 members contacted Class-Settlement to verify or update their address on file.

17. As of February 26, 2020, Class-Settlement received two requests for exclusion from the settlement, attached as <u>Exhibits 2a and 2b</u>, and no objections to the settlement.

Executed this _28th_ day of February, 2020.

                                                                Dorothy Sue Merryman

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN FAULEY, individually and as the representative of a certified class,<br><br>                    Plaintiff,<br><br>       v.<br><br>DRUG DEPOT, INC. a/k/a APS PHARMACY,<br><br>                    Defendant. | Case No. 1:15-cv-10735 |

**NOTICE OF CLASS ACTION SETTLEMENT**

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO RECEIVE MONEY IN A CLASS ACTION SETTLEMENT.**

**TO:**

**Class A**

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on July 22, 2013, and on September 30, 2013.

**Class B**

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on February 27, 2012, March 7, 2012, March 30, 2012, June 4, 2012, August 20, 2012, January 25, 2013, February 11, 2013, February 18, 2013, February 28, 2013, March 25, 2013, March 26, 2013, March 27, 2013, March 28, 2013, March 29, 2013, May 14, 2013, June 24, 2013, July 1, 2013, July 22, 2013, August 5, 2013, September 30, 2013, March 18, 2014, August 8, 2014, April 27, 2015.

**A. WHY ARE YOU RECEIVING THIS NOTICE?**

You are receiving this Notice because Defendant Drug Depot's records indicate you are a member of the Class (defined above). This notice informs you about settlement of this pending lawsuit, that you may be a member of the Class, and that you have certain rights to object to the settlement or opt out. Defendant claims it had prior express invitation or permission to send faxes to the Class members and/or had an established business relationship with the Class members. This Notice is not an expression by the Court about the merits of the case.

**B. WHAT IS THIS LAWSUIT ABOUT?**

In the lawsuit, Shaun Fauley ("Plaintiff") claims that Drug Depot ("Defendant") violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), by sending unsolicited advertisements by facsimile to members of the Class without their prior express invitation or permission and/or without specific opt-out language that Plaintiff contends was required. Plaintiff seeks money damages for every Class member. On January 29, 2018, the Court certified the case as a class action so that the claims about Defendant's faxes sent by or on behalf of Defendant from February 27, 2012 through April 27, 2015 can be resolved class-wide in this single lawsuit. The Court's decision to certify the class as a class action did not decide any of the merits of the case. Defendant denies that it violated the TCPA. This description of the case is general and does not cover all the issues or proceedings.

**C. WHAT IS THE PROPOSED SETTLEMENT?**

Without admitting any fault or liability and in exchange for a release of all claims regarding the fax advertisements, Defendant has agreed to pay a total of $6,000,000.00 to create a non-reversionary settlement fund (the "Settlement Fund"). The Settlement Fund shall be available to pay each Class member who does not opt out of the Class their pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses, settlement administration costs, and an incentive award to the Class Plaintiff set by the Court. Plaintiff will ask the Court to approve settlement administration costs, and an incentive award of $15,000.00 to Plaintiff for his time and efforts spent in responding to written discovery, sitting for deposition, and attending a mediation, which resulted in obtaining this settlement on behalf of the Class. Class Counsel will petition the Court for an award of attorneys' fees of 33 1/3% of the Settlement Fund ($2,000,000.00) plus its litigation expenses. Final approval and a determination of an incentive award, attorneys' fees, settlement administration costs, and litigation expenses are subject to a fairness hearing that will occur on April 7, 2020 at the U.S. District Court, Northern District of Illinois, 219 South Dearborn Street, Courtroom 2319, Chicago, IL 60604, at 9:00 a.m.

**EXHIBIT 1**

**D. WHO REPRESENTS THE CLASS?**

The Court previously appointed Plaintiff (Shaun Fauley) as the class representative, and appointed Brian J. Wanca of Anderson + Wanca as Class Counsel to represent the members of the Class. His contact information is:

> Brian J. Wanca
> ANDERSON + WANCA
> 3701 Algonquin Rd., Ste. 500
> Rolling Meadows, IL  60008

Plaintiff will petition the Court for an incentive award, attorneys' fees, litigation expenses and costs of settlement administration to be paid out of or from the Settlement Fund.

**E. WHAT ARE YOUR OPTIONS?**

1. **Do Nothing.**  If you do nothing, you will be bound by the judgment in the case and you will release your claims against Defendant arising from the fax advertisements sent to you in exchange for the settlement check you will automatically receive for your pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses, including settlement administration and incentive award set by the Court. You do not have to file a claim form and unless you opt out of the Class, upon final approval of the settlement, you will automatically receive a settlement check in the mail at the address listed at the end of this notice.  If this address is incorrect, you must notify the class administrator by fax at (888) 472-3224, or email at DrugDepotSettlement@class-settlement.com or by mail at Class-Settlement.com, Fauley v. Drug Depot Address Change, P.O. Box 9009, Hicksville, NY 11802-9009 and inform the class administrator of your correct address. You must include your claim number (at end of this notice) in this notice. **The settlement check you will receive will expire if not cashed within 90 days of the date of the check and no replacement check will be issued and you will not have any further right or entitlement to any payment under the settlement but will be bound by the terms of the settlement including the release of Defendant**.  IF YOU DO NOT CASH THE SETTLEMENT CHECK WITHIN 90 DAYS OF THE DATE ON THE CHECK, THEN THE AMOUNT OF THE SETTLEMENT CHECK WILL AUTOMATICALLY BE DONATED TO EQUAL JUSTICE INITIATIVE. Equal Justice Initiative is a 501(c)3 nonprofit organization that provides legal representation to persons who may have been wrongly convicted of crimes, poor persons without effective representation, or others who may have been denied a fair trial. Further information regarding Equal Justice Initiative may be found at www.eji.org. **If you want your settlement check to go to EQUAL JUSTICE INITIATIVE then simply destroy the settlement check and the amount of your check will be automatically donated to Equal Justice Initiative.**

2. **Opt out of the Class.**  You have the right to exclude yourself from the Class ("Opt out") by sending a letter to the Class Administrator containing: (1) the name of this case, Fauley v. Drug Depot and your claim number (see end of this notice for number); (2) your name, address and fax number from February, 2012 through April, 2015; and (3) a statement that you wish to be excluded (for example, "Exclude me from the Fauley v. Drug Depot case."). If you exclude yourself from the Certified Class, you will retain any claims you might have against Defendant, you will not be bound by any judgment or disposition of this case, and you will not share in any recovery awarded by the Court or provided in a settlement agreement. Your request for exclusion must be **postmarked on or before February 15, 2020**; and mailed to the following address with proper postage:

    > Class-Settlement.com
    > Fauley v Drug Depot Opt-Out
    > P. O. Box 9009
    > Hicksville, NY 11802-9009

   Upon receipt of the requests for exclusion, the Class Administrator will promptly provide copies to the attorneys for the parties.

3. **Object to the settlement in writing.**  If you object to the settlement, you can ask the Court to deny approval by filing an objection to the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen you must file an objection with the Clerk of the Court. You must submit your objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604. Your objection must be postmarked by or filed in person by **February 15, 2020**. Any written objection and supporting papers must identify the case name and number (Fauley v. Drug Depot, Case No. 15-cv-10735) and must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of reasons

why you are objecting to the settlement and why you believe the Court should find that the proposed settlement is not in the best interests of the Class. It is not enough to simply say that you object; you must state the reasons why you believe the Court should not approve the settlement. You must also mail a copy of your objection to Class Counsel at the address indicated in Section D above and to counsel for Defendant: David A. Wheeler, Chapman Spingola, LLP, 190 S. LaSalle Street, Suite 3850, Chicago, IL 60603. You may also appear in person or through your own attorney at the final approval hearing before Judge Virginia M. Kendall in Courtroom 2319 at 219 S. Dearborn St., Chicago, IL 60604 on April 7, 2020 at 9:00 a.m. If you appear through your own attorney, you are responsible for paying that attorney.

**F. WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
The Court will hold a final fairness hearing on **April 7, 2020** at 9:00 a.m., in Room 2319 of the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, and hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing. The fairness hearing may be continued to a future date by order of the court without further notice. You can check the settlement website or the Court's PACER site to confirm that the date has not been changed.

**G. WHERE CAN YOU GET MORE INFORMATION?**
If you have questions about this Notice or about the settlement, write to attorney Brian J. Wanca of Anderson + Wanca at the address listed above in Section D. Include the case number, your name, your fax number, and your current street address on any correspondence. Alternatively, you can call Mr. Wanca's office at 1-855-827-2329. You can review the complaint and settlement documents at www.DrugDepotTCPAsettlement.com. This Notice only summarizes the litigation and the settlement. The Court files for this case are available for your inspection at the Office of the Clerk of Court for the United States District Court for the Northern District of Illinois, 219 S. Dearborn St. 20TH FL, Chicago, IL 60604 (Monday through Friday, 9:00 a.m. – 4:00 p.m.) or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

**BY ORDER OF THE COURT - HONORABLE VIRGINIA M. KENDALL**
* * * * * * * * * * * * * * * * * * * * * *
**ADDRESS VERIFICATION**
**CLAIM NUMBER 12345678**



*If the address below is incorrect, or you have moved, you must notify the Class Administrator as indicated in Section E(1) above, otherwise your settlement check will be sent to an incorrect address.*

**This form may be completed online, mailed, emailed, or faxed by April 7, 2020 to the following:**

| **Online at:** DrugDepotTCPASettlement.com  Username:  Password: | **Via Fax to:** (888) 472-3224 | **Via email to:** DrugDepotSettlement@class-settlement.com | **Via U.S. Mail to:** Fauley v. Drug Depot Change Class-Settlement.com PO Box 9009 Hicksville, NY 11802-9009 |
|---|---|---|---|

**Your address as it appears in Defendant's Records:**

Member ID: [Merge Member ID]
   [Merge Member Name]
   [Merge Entity or Company Name]
   [Merge Address]
   [Merge City, State, Zip Code]

**If the address at left is incorrect, please provide corrected address information below:**

_____
Name

_____
Entity or Company Name (if applicable)

_____
Address

_____
City       State       Zip Code



417-887-0898
1700 S. Enterprise Ave
Springfield, MO 65804

RECEIVED JAN 17 2020

January 9, 2020

To Whom it May Concern:

We wish to exclude ourselves from the Fauley v. Drug Depot class. Our claim number is 14710059. Please let us know if you have any questions.

Sincerely,

Rebecca Skinner, Owner/DVM
1700 S. Enterprise Ave
Springfield, MO 65804
Phone: 417-887-0898
Fax: 1-800-343-0774

EXHIBIT 2a

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SHAUN FAULEY, individually and as the representative )
of a certified class, )
                               Plaintiff, )
v. ) Case No. 1:15-cv-10735
)
DRUG DEPOT, INC. a/k/a APS PHARMACY, )
)
                              Defendant. )

## NOTICE OF CLASS ACTION SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO RECEIVE MONEY IN A CLASS ACTION SETTLEMENT.**

**TO:**

### Class A

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on July 22, 2013, and on September 30, 2013.

### Class B

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on February 27, 2012, March 7, 2012, March 30, 2012, June 4, 2012, August 20, 2012, January 25, 2013, February 11, 2013, February 18, 2013, February 28, 2013, March 25, 2013, March 26, 2013, March 27, 2013, March 28, 2013, March 29, 2013, May 14, 2013, June 24, 2013, July 1, 2013, July 22, 2013, August 5, 2013, September 30, 2013, March 18, 2014, August 8, 2014, April 27, 2015.

**A. WHY ARE YOU RECEIVING THIS NOTICE?**

You are receiving this Notice because Defendant Drug Depot's records indicate you are a member of the Class (defined above). This notice informs you about settlement of this pending lawsuit, that you may be a member of the Class, and that you have certain rights to object to the settlement or opt out. Defendant claims it had prior express invitation or permission to send faxes to the Class members and/or had an established business relationship with the Class members. This Notice is not an expression by the Court about the merits of the case.

**B. WHAT IS THIS LAWSUIT ABOUT?**

In the lawsuit, Shaun Fauley ("Plaintiff") claims that Drug Depot ("Defendant") violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), by sending unsolicited advertisements by facsimile to members of the Class without their prior express invitation or permission and/or without specific opt-out language that Plaintiff contends was required. Plaintiff seeks money damages for every Class member. On January 29, 2018, the Court certified the case as a class action so that the claims about Defendant's faxes sent by or on behalf of Defendant from February 27, 2012 through April 27, 2015 can be resolved class-wide in this single lawsuit. The Court's decision to certify the class as a class action did not decide any of the merits of the case. Defendant denies that it violated the TCPA. This description of the case is general and does not cover all the issues or proceedings.

**C. WHAT IS THE PROPOSED SETTLEMENT?**

Without admitting any fault or liability and in exchange for a release of all claims regarding the fax advertisements, Defendant has agreed to pay a total of $6,000,000.00 to create a non-reversionary settlement fund (the "Settlement Fund"). The Settlement Fund shall be available to pay each Class member who does not opt out of the Class their pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses, settlement administration costs, and an incentive award to the Class Plaintiff set by the Court. Plaintiff will ask the Court to approve settlement administration costs, and an incentive award of $15,000.00 to Plaintiff for his time and efforts spent in responding to written discovery, sitting for deposition, and attending a mediation, which resulted in obtaining this settlement on behalf of the Class. Class Counsel will petition the Court for an award of attorneys' fees of 33 1/3% of the Settlement Fund ($2,000,000.00) plus its litigation expenses. Final approval and a determination of an incentive award, attorneys' fees, settlement administration costs, and litigation expenses are subject to a fairness hearing that will occur on April 7, 2020 at the U.S. District Court, Northern District of Illinois, 219 South Dearborn Street, Courtroom 2319, Chicago, IL 60604, at 9:00 a.m.

**EXHIBIT 2b**

D. **WHO REPRESENTS THE CLASS?**

The Court previously appointed Plaintiff (Shaun Fauley) as the class representative, and appointed Brian J. Wanca of Anderson + Wanca as Class Counsel to represent the members of the Class. His contact information is:

> Brian J. Wanca
> ANDERSON + WANCA
> 3701 Algonquin Rd., Ste. 500
> Rolling Meadows, IL 60008

Plaintiff will petition the Court for an incentive award, attorneys' fees, litigation expenses and costs of settlement administration to be paid out of or from the Settlement Fund.

E. **WHAT ARE YOUR OPTIONS?**

1. **Do Nothing.** If you do nothing, you will be bound by the judgment in the case and you will release your claims against Defendant arising from the fax advertisements sent to you in exchange for the settlement check you will automatically receive for your pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses, including settlement administration and incentive award set by the Court. You do not have to file a claim form and unless you opt out of the Class, upon final approval of the settlement, you will automatically receive a settlement check in the mail at the address listed at the end of this notice. If this address is incorrect, you must notify the class administrator by fax at (888) 472-3224, or email at DrugDepotSettlement@class-settlement.com or by mail at Class-Settlement.com, Fauley v. Drug Depot Address Change, P.O. Box 9009, Hicksville, NY 11802-9009 and inform the class administrator of your correct address. You must include your claim number (at end of this notice) in this notice. **The settlement check you will receive will expire if not cashed within 90 days of the date of the check and no replacement check will be issued and you will not have any further right or entitlement to any payment under the settlement but will be bound by the terms of the settlement including the release of Defendant. IF YOU DO NOT CASH THE SETTLEMENT CHECK WITHIN 90 DAYS OF THE DATE ON THE CHECK, THEN THE AMOUNT OF THE SETTLEMENT CHECK WILL AUTOMATICALLY BE DONATED TO EQUAL JUSTICE INITIATIVE.** Equal Justice Initiative is a 501(c)3 nonprofit organization that provides legal representation to persons who may have been wrongly convicted of crimes, poor persons without effective representation, or others who may have been denied a fair trial. Further information regarding Equal Justice Initiative may be found at www.eji.org. **If you want your settlement check to go to EQUAL JUSTICE INITIATIVE then simply destroy the settlement check and the amount of your check will be automatically donated to Equal Justice Initiative.**

2. **Opt out of the Class.** You have the right to exclude yourself from the Class ("Opt out") by sending a letter to the Class Administrator containing: (1) the name of this case, Fauley v. Drug Depot and your claim number (see end of this notice for number); (2) your name, address and fax number from February, 2012 through April, 2015; and (3) a statement that you wish to be excluded (for example, "Exclude me from the Fauley v. Drug Depot case."). If you exclude yourself from the Certified Class, you will retain any claims you might have against Defendant, you will not be bound by any judgment or disposition of this case, and you will not share in any recovery awarded by the Court or provided in a settlement agreement. Your request for exclusion must be **postmarked on or before February 15, 2020**; and mailed to the following address with proper postage:

> Class-Settlement.com
> Fauley v Drug Depot Opt-Out
> P. O. Box 9009
> Hicksville, NY 11802-9009

Upon receipt of the requests for exclusion, the Class Administrator will promptly provide copies to the attorneys for the parties.

3. **Object to the settlement in writing.** If you object to the settlement, you can ask the Court to deny approval by filing an objection to the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen you must file an objection with the Clerk of the Court. You must submit your objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604. Your objection must be postmarked by or filed in person by **February 15, 2020**. Any written objection and supporting papers must identify the case name and number (Fauley v. Drug Depot, Case No. 15-cv-10735) and must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of reasons

why you are objecting to the settlement and why you believe the Court should find that the proposed settlement is not in the best interests of the Class. It is not enough to simply say that you object; you must state the reasons why you believe the Court should not approve the settlement. You must also mail a copy of your objection to Class Counsel at the address indicated in Section D above and to counsel for Defendant: David A. Wheeler, Chapman Spingola, LLP, 190 S. LaSalle Street, Suite 3850, Chicago, IL 60603. You may also appear in person or through your own attorney at the final approval hearing before Judge Virginia M. Kendall in Courtroom 2319 at 219 S. Dearborn St., Chicago, IL 60604 on April 7, 2020 at 9:00 a.m. If you appear through your own attorney, you are responsible for paying that attorney.

F. **WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
The Court will hold a final fairness hearing on **April 7, 2020** at **9:00 a.m.**, in Room 2319 of the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, and hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing. The fairness hearing may be continued to a future date by order of the court without further notice. You can check the settlement website or the Court's PACER site to confirm that the date has not been changed.

G. **WHERE CAN YOU GET MORE INFORMATION?**
If you have questions about this Notice or about the settlement, write to attorney Brian J. Wanca of Anderson + Wanca at the address listed above in Section D. Include the case number, your name, your fax number, and your current street address on any correspondence. Alternatively, you can call Mr. Wanca's office at 1-855-827-2329. You can review the complaint and settlement documents at www.DrugDepotTCPAsettlement.com. This Notice only summarizes the litigation and the settlement. The Court files for this case are available for your inspection at the Office of the Clerk of Court for the United States District Court for the Northern District of Illinois, 219 S. Dearborn St. 20TH FL, Chicago, IL 60604 (Monday through Friday, 9:00 a.m. – 4:00 p.m.) or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

**BY ORDER OF THE COURT - HONORABLE VIRGINIA M. KENDALL**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ADDRESS VERIFICATION**
**CLAIM NUMBER 14711423**



*If the address below is incorrect, or you have moved, you must notify the Class Administrator as indicated in Section E(1) above, otherwise your settlement check will be sent to an incorrect address.*

This form may be completed online, mailed, emailed, or faxed by **April 7, 2020** to the following:

| Online at:<br>DrugDepotTCPASettlement.com<br>Username: 14711423<br>Password: sintoolad | Via Fax to:<br>(888) 472-3224 | Via email to:<br>DrugDepotSettlement@<br>class-settlement.com | Via U.S. Mail to:<br>Fauley v. Drug Depot Change<br>Class-Settlement.com<br>PO Box 9009<br>Hicksville, NY 11802-9009 |
|---|---|---|---|

**Your address as it appears in Defendant's Records:**

Member ID: 14711423

Shauna Roberts DVM
3077 Illinois Rte 26 S
Polo IL 61064

**If the address at left is incorrect, please provide corrected address information below:**

Name _____

Entity or Company Name (if applicable) _____

Address _____

City _____ State _____ Zip Code _____

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUN FAULEY, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DRUG DEPOT, INC. a/k/a APS PHARMACY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>) No. 1:15-cv-10735<br>)<br>) Hon. Virginia M. Kendall<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF SUSAN C. VEGA

I, SUSAN C. VEGA, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true:

1. I am a paralegal at the law firm of Anderson + Wanca, counsel for the Plaintiff and the certified class in this case.

2. Pursuant to the Class Notice, objections to the Settlement were to be filed with the Clerk of the United States District Court by February 15, 2020, and a copy was required to be mailed to Anderson + Wanca and to Chapman Spingola, LLP.

3. In response to the Class Notice, no objections to the settlement were received.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 2, 2020

　　　　　　　　　　　　　　　　　　　　　　　*Susan C. Vega*
　　　　　　　　　　　　　　　　　　　　　　　Susan C. Vega

**EXHIBIT C**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN FAULEY, individually and as the representative of a certified class, | ) ) ) |
| Plaintiff, | ) No. 1:15-cv-10735 |
| v. | ) ) Hon. Virginia M. Kendall |
| DRUG DEPOT, INC., a/k/a APS PHARMACY, | ) ) |
| Defendant. | ) |

## FINAL APPROVAL ORDER AND JUDGMENT

The parties' proposed class action settlement having come before the Court for a final fairness hearing on _____, 2020, at _____.m., in Room 2319, United States District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Chicago, IL 60604, at which all persons were given an opportunity to be heard, and the Court having considered the submissions of the parties, including Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms;

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. This Court grants final approval of the settlement agreement between the parties previously filed with the Court on November 22, 2019 (the "Settlement Agreement") (Doc. 207-2), and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of the Certified Class and all those affected by it. The Settlement Agreement is hereby incorporated by reference in full into this Final Approval Order and Judgment ("Final Judgment"), and all capitalized terms defined in the Settlement Agreement will have the same meanings as used in this Final Judgment. Any timely objections that were filed have been considered and are overruled. Accordingly, this Final Judgment binds all members of the Certified Class who did not timely and properly opt out of the settlement.

2. This Court has jurisdiction over Plaintiff, Shaun Fauley ("Plaintiff"), the members of the Class, and Defendant, Drug Depot, Inc. ("Defendant"), and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, including mediation before a neutral third-party, and that the settlement was not collusive.

### Class Certification

4. On November 26, 2019, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Settlement of the Previously Certified Class" (the "Preliminary Approval Order").

5. On January 29, 2018, the Court certified the following classes (the "Class"):

#### Class A

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on July 22, 2013, and on September 30, 2013.

#### Class B

All persons or entities who were successfully sent a Fax stating, "APS Pharmacy," and containing the phrase "Fax Order To: (727) 785-2502," on February 27, 2012, March 7, 2012, March 30, 2012, June 4, 2012, August 20, 2012, January 25, 2013, February 11, 2013, February 18, 2013, February 28, 2013, March 25, 2013, March 26, 2013, March 27, 2013, March 28, 2013, March 29, 2013, May 14, 2013, June 24, 2013, July 1, 2013, July 22, 2013, August 5, 2013, September 30, 2013, March 18, 2014, August 8, 2014, April 27, 2015.

The Court further appointed Plaintiff as the Class Representative and Brian J. Wanca of Anderson + Wanca as Class Counsel. In the Settlement Agreement the Parties settled the certified class claims. Excluded from the Class are: (a) Defendant and its present and former officers, directors, shareholders, employees and their successors, assigns and legal representatives; (b) the Court and its officers, and (c) any persons or entities who timely and validly exclude themselves from the Class.

2

### Class Notice

6. Plaintiff submitted the affidavit of Dorothy Sue Merryman to demonstrate that the "Notice of Class Action Settlement (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

7. No Class members of the Class filed objections to the settlement.

8. Two persons/entities have properly requested exclusion from the settlement and are hereby excluded from the Class: Spring Valley Veterinary Hospital, Springfield, MO, and Shauna Roberts DVM of Polo, IL.

### Class Compensation

9. Defendant's insurer has created a settlement fund of $6,000,000.00 (the "Settlement Fund") and made it available to pay Class members, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses, including class administrative fees. None of the monies in the Settlement Fund will revert back to Defendant's insurer.

10. As the Parties agreed in the Settlement Agreement, each member of the Class who does not opt out will be paid a pro-rata share of the Settlement Fund after the deductions set forth in Paragraph 9. The Class Administrator will cause those checks to be mailed after receiving the funds from Defendant's insurer. As agreed between the Parties, any Class member that does not cash the settlement check issued to it within 90 days after the date on the check surrenders all right to payment under the Settlement Agreement and agrees that the amount of the settlement check is to be donated to Equal Justice Initiative, a 501(c)(3), an organization that provides legal representation to persons who may have been wrongly convicted of crimes, poor persons without effective representation, and others who may have been denied a fair trial.

### Incentive Award and Fees and Costs

11. Pursuant to the Settlement Agreement, the Court approves and awards a $15,000.00 Incentive Award to Plaintiff for serving as the class representative in this matter. In accordance with the Settlement Agreement, the Class Administrator will pay that amount from the Settlement Fund on the Agreement's Effective Date.

12. Pursuant to the Settlement Agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $2,000,000.00 (33 1/3% of the Settlement Fund), plus reasonable out-of-pocket expenses, including notice and administrative fees, of $60,062.66. The Class Administrator will pay said amounts from the Settlement Fund on the Agreement's Effective Date.

### Releases, Injunction, and Dismissal

13. All claims or causes of action of any kind by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the Parties' Settlement Agreement. This release does not apply to actions brought by the government.

14. This lawsuit against Defendant is dismissed with prejudice as to Plaintiff and all

members of the Class and without fees or costs except as provided above.

## **Other Provisions**

15. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference herein and the Parties are directed to effectuate the settlement in accordance with the Settlement Agreement.

16. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

ENTER:

_____
Honorable Virginia M. Kendall